## ESTATE OF JAMES MAKEE, Deceased.

INSTRUCTIONS TO EXECUTORS.

DECISION RENDERED MAY 7, 1880.  NOT HITHERTO REPORTED.

HARRIS, C.J. AND McCULLY, J.

The testator bequeathed all his property to his wife, "for her sole use and benefit during her lifetime, and at her death whatever there is remaining to be equally divided between my children."

The Court instructed the executors that after payment of the debts of the deceased, they should deliver the property to the widow, and that their rights and duties would thereupon cease.

As to whether the widow had an absolute right or only a life interest with remainder to her children, the Court declines (the widow and children not being parties) to say further than that the widow would have a right to diminish the estate, if it should become necessary for her support.

### OPINION OF THE COURT.

The words of the Will of the late James Makee, upon which instructions are sought, are as follows : " After the payment of my just debts and funeral expenses, I give and bequeath to my beloved wife, Catherine Makee, all my property real, personal and mixed, for her sole use and benefit during her lifetime, and at her death whatever there is remaining to be equally divided between my children share and share alike."

And the questions submitted to our consideration are : First, what are the rights, powers and duties of the executors of said will? Second, after the payment of the debts of the testator, have the executors any further interest or care in the estate?

In answer to these two questions, we would say that the words " and at her death whatever there is remaining to be equally divided, etc.," seem to us to be the controlling words, and to denote that the estate, after the payment of the debts by the executors, is to be delivered to Mrs. Catherine Makee to be en-

joyed by her, during her lifetime, as she may see fit; and that the executors, after full payment of the just debts of the deceased, will have no further rights and duties in the premises, and will have no further interest or care in the estate.

The petition further requests an answer in effect to the following question: "Does the devise and bequest confer and give an absolute right to the said Catherine Makee, or does it give simply a life-interest to her, and remainder over to her said children?"

But inasmuch as neither Mrs. Catherine Makee nor her children have made themselves parties to this submission in any way, nor have they appeared in Court, either by counsel or otherwise, we deem it inexpedient and unnecessary at this present time to give a construction to the will on these points, further than to say that Mrs. Makee would have a right to diminish the estate if it should become necessary for her support and maintenance.